UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARICHAND JAT,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-09398-DAD-JDP

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On November 13, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On November 14, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondents were further directed to state any opposition they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*) On November 17, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) Therein, respondents do not oppose the court ruling on the

merits of the underlying petition based on the briefing presently before it (*id.* at 1), and the court will do so.

Based on the parties' submissions, the court finds the following facts. Petitioner entered the United States on an unknown date without inspection. (Doc. No. 1 at ¶ 1.) On or around October 12, 2024, petitioner was detained by ICE and served with a notice to appear ("NTA"). (Doc. Nos. 1-2 at 3–5; 6-4 at 1–3.) The NTA ordered petitioner to appear on November 25, 2026, over two years after he was detained. (Doc. Nos. 1-2 at 3–5; 6-4 at 1–3.) Petitioner was subsequently released from immigration custody. (*See* Doc. Nos. 1-2 at 3; 6-4 at 1.) On or around November 6, 2026, petitioner was re-detained by ICE during a targeted field operation pursuant to a warrant. (Doc. Nos. 6 at 2; 6-3.) There is no indication that petitioner was provided a hearing before ICE recently re-detained him.[1]

Respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and that the only relief he is entitled to is a bond hearing. (Doc. No. 6 at 1.) Respondents argue that this case is distinguishable from the cases cited in the court's order (Doc. No. 4) because (1) petitioner was not previously released—despite submitting evidence that petitioner was in fact previously released (*see* Doc. No. 6-4 at 1)—and (2) petitioner's re-detention is based on information received from an Interpol Red Notice. (Doc. No. 6 at 1.)

In light of the evidence that petitioner was previously released and not provided a custody determination prior to his re-detention, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention absent a pre-deprivation hearing violated due process. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

/////

/////

---

[1] Petitioner alleges he was not provided with a pre-custody determination. (Doc. No. 1 at ¶ 3.) Respondents do not provide any evidence challenging petitioner's allegation on that point.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Harichand Jat, A-File No. 226-143-929, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention on or around November 6, 2026;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden of justifying petitioner's detention by clear and convincing evidence[2];

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **November 19, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

[2] To be clear, the information relied upon by respondent for petitioner's detention–the receipt of an Interpol Red Notice–may certainly be relevant to the determination of petitioner's custody status so long as, in the absence of exigent circumstances, petitioner is provided notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden of justifying petitioner's detention by clear and convincing evidence.